# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

The Board of Trustees, in their capacities as Trustees of the National Roofing Industry Pension Fund, et al.,

    Plaintiffs

v.

Lamar Von Noorda, et al.,

    Defendants

Case No.: 2:16-cv-00170-JAD-DJA

**Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss**

[ECF No. 78]

    The trustees of the National Roofing Industry Pension Fund and three other employee-benefit funds (the Trusts)[1] move to dismiss this case they filed against Lamar and Elise Noorda and Foursquare Roof and Walls, Inc., with prejudice and with two conditions: (1) each party should pay its own fees and costs because defendants will not face the risk of future litigation with a with-prejudice dismissal, but (2) the $5,868.75 discovery-sanction judgment they obtained against the defendants should stand.[2] The defendants welcome the dismissal, but they argue that the sanctions should be vacated because the Trusts' delay in seeking to dismiss this case shows that they brought it only to harass and pressure the defendants into signing another collective-bargaining agreement. And they contend that, because a with-prejudice dismissal will make them prevailing parties, they should not be precluded from seeking fees and costs.

    I grant the motion for voluntary with-prejudice dismissal and hold that the sanction judgment remains. But because a with-prejudice dismissal functions as a merits adjudication, I

---

[1] The Trusts include the National Roofing Industry Pension Fund (Pension Fund), National Roofers Union Health and Welfare Fund (Welfare Fund), Roofers and Waterproofers Research and Education Joint Trust Fund, and Roofers Apprentice and Journeyman Training Trust Fund Local 162 for Clark, Esmeralda, Lincoln & Southern Nye Counties.

[2] ECF No. 78.

will not condition this dismissal on a waiver of fees and costs. So the Trusts have until September 6, 2019, to notify the court whether they withdraw their request to voluntarily dismiss this case.

## Background[3]

Lamar and Elise Noorda owned and operated Noorda Sheet Metal Company (NSM) for two decades. During that period, NSM entered into collective-bargaining agreements with non-party Union of Roofers Waterproofers and Allied Workers Local 162 (Union) in 2007, 2010, and 2012. Those collective-bargaining agreements provided that NSM would pay employer contributions to its employee-union members.

The Noordas closed NSM in 2013 after it ran into serious financial difficulty. Elise Noorda incorporated Foursquare a few months later. The Noordas also filed personal bankruptcy petitions and received a discharge under Chapter 7 of the Bankruptcy Code in April 2014.

Before that discharge was entered, two of the trusts[4] and the Union filed an adversary proceeding in the Noordas' bankruptcy case, challenging the dischargeability of the Noordas' debts arising from NSM's alleged breach of the collective-bargaining agreement. The adversary proceeding was set for trial, but before that occurred, the Ninth Circuit issued an opinion that eviscerated the adversary plaintiffs' theory that the Noordas are ERISA fiduciaries.[5] So the adversary plaintiffs moved to dismiss their adversary proceeding against the Noordas. The bankruptcy court granted the motion and dismissed their claims with prejudice under Federal

---

[3] These facts are restated from the order denying the motions for summary judgment. ECF No. 74. Unless otherwise stated, the information in this section is undisputed by the parties. This information is provided to give context and should not be construed as factual findings.

[4] The Pension Fund and the Welfare Fund.

[5] *Bos v. Board of Trustees*, 795 F.3d 1006 (9th Cir. 2015), *cert. denied*, —U.S.—, 136 S. Ct. 1452 (2016).

Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041.[6] The bankruptcy court then entered a judgment of dismissal in favor of the Noordas.

The Trusts filed this lawsuit in 2016 for alleged unlawful labor practices, asserting claims for alter-ego liability, successor liability, and breach of contract.[7] During discovery, the Trusts moved to compel the defendants to respond to for production of certain documents.[8] The magistrate judge granted the motion and awarded the Trusts attorneys' fees and costs.[9] The magistrate judge then ordered the parties to meet and confer about the amount of fees and costs due to the Trusts for bringing the motion, but the parties could not reach an agreement.[10] After the hearing to establish the amount of attorneys' fees and costs, the magistrate judge ordered the defendants to pay $5,868.75 in attorneys' fees and denied the Trusts' request for costs.[11]

The parties both moved for summary judgment,[12] which I denied.[13] I explained that triable issues precluded summary judgment for the Trusts on their claim that Foursquare is NSM's successor. I denied summary judgment to the defendants because their argument that the Trusts' alter-ego claim against them was barred by the Chapter 7 discharge injunction was factually wrong, their argument that claim preclusion attached to the with-prejudice dismissal of

---

[6] I take judicial notice of the existence and content of the record in the adversary proceeding against the Noordas, *In re Lamar Von Noorda and Elsie H. Noorda*, Adv. Proc. No. 14-01077 (Bankr. D. Nev. Apr. 29, 2014), under Federal Rule of Evidence 201, but not for the truth of any matter asserted therein.

[7] ECF No. 1 at 11.

[8] ECF Nos. 42, 45.

[9] ECF No. 59.

[10] ECF Nos. 60, 72 at 2.

[11] ECF No. 72.

[12] ECF Nos. 48, 63.

[13] ECF No. 74.

the bankruptcy dischargeability order was undeveloped, and their claim that issue preclusion attached to their voluntary with-prejudice dismissal of the adversary proceeding was also wrong.[14]

The magistrate judge then held a settlement conference, but the parties did not reach a settlement.[15] Rather than proceeding to trial, the Trusts filed this motion to dismiss their lawsuit against the Noordas and Foursquare with prejudice.[16] The Trusts argue that it would not be in their beneficiaries' best interests to proceed to trial and that a dismissal would satisfy their fiduciary duties to the beneficiaries by avoiding the costs of trial and post-judgment collections. The Trusts contend that even if they were to proceed to trial and receive a favorable judgment, "there is a genuine risk that it will not be collectable," as the Noordas may file for relief from that judgment under the Bankruptcy Code.[17]

**Discussion**

**A.　Plaintiffs may voluntarily dismiss their claims, but the court will not impose a fee-and-cost-waiver as a condition of that dismissal.**

The Trusts request dismissal with prejudice and argue that the court cannot condition dismissal on the payment of attorneys' fees or costs because the Noordas and Foursquare will not face future ligation on this claim. The Noordas and Foursquare respond that they are not seeking attorneys' fees for the dismissal under Rule 41(a)(2). Instead, they seek costs under Rule 54(d)(1), because a dismissal under Rule 41(a)(2) with prejudice confers upon them prevailing party status under Rule 54(d)(1).

---

[14] *Id.*
[15] ECF No. 76.
[16] ECF Nos. 77, 78.
[17] ECF No. 78 at 4.

4

District courts have the discretion to preclude a prevailing party from seeking or receiving costs under Federal Rule of Civil Procedure 54(d) when granting a plaintiff's motion for voluntary dismissal with prejudice. Rule 41(a)(2) allows a plaintiff to petition a court for dismissal of a claim at any time and under the "terms that the court considers proper." In determining whether to grant the motion with or without prejudice, courts typically consider whether the defendant will suffer "some plain legal prejudice as a result of the dismissal," meaning "prejudice to some legal interest, some legal claim, [or] some legal argument."[18] Defendants cannot suffer legal prejudice from a with-prejudice dismissal because they cannot be made to defend the claim again.[19] So courts generally do not award attorneys' fees or costs to a defendant under Rule 41(a)(2) when claims are dismissed with prejudice.[20] Because the Noordas and Foursquare will not face the risk of future litigation if this case is dismissed with prejudice, they cannot recover fees and costs under Rule 41(a)(2)[21] absent "extraordinary

---

[18] *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (internal quotation marks omitted); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[19] *Smith*, 263 F.3d at 976.

[20] *Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) ("Since the RICO cause of action has been dismissed with prejudice, costs and attorneys' fees cannot be awarded to Defendants because there is no future risk of litigation"); 8-41 *Moore's Federal Practice - Civil* § 41.40 (2019).

[21] *Smith*, 263 F.3d at 976; *see also* 8-41, *Moore's Federal Practice - Civil* § 41.40 (2019) ("[A] plaintiff faced with the imposition of attorneys' fees and costs on a Rule 41(a)(2) motion to dismiss may request that the action be dismissed with prejudice to avoid payment.115.1Link to the text of the note However, there may be extraordinary circumstances when the plaintiff's conduct has been so vexatious that an award of costs is nevertheless appropriate.").

Courts generally use their discretion to condition a dismissal on the payment of attorneys' fees and costs when the dismissal is *without* prejudice. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 98 (9th Cir. 1996) (reversing the district court's denial of plaintiff's motion for voluntary dismissal, concluding that dismissal without prejudice was appropriate, and directing the district court to determine to consider defendant's request for attorneys' fees and costs to "protect[ ]" defendant's interest in the likely future litigation); *cf. Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 922 (9th Cir. 1989) (providing that the district court had

circumstances." And because neither the Noordas nor Foursquare argue for departure from the general rule,[22] and a with-prejudice dismissal gives them essentially what they seek—an end to this litigation—I need not analyze whether they will suffer other legal prejudice as a result of the dismissal.

But defendants' inability to seek an award of fees and costs under Rule 41(a)(2) does not mean they cannot seek fees and costs under other authority. Defendants argue that a with-prejudice dismissal would make them prevailing parties who presumptively are entitled to costs under Rule 54(d)(1),[23] and they alternatively request the ability to file a separate motion for costs. The Trusts do not appear to dispute this point. Instead, they seek to rebut that presumption. They argue that they have incurred substantial attorneys' fees over the course of litigation and cannot satisfy the fiduciary duty they owe to their beneficiaries by proceeding to trial and incurring more expenses.[24] They add that, even if they were to obtain a favorable judgment after trial, it would likely be uncollectable because the defendants have previously filed for bankruptcy protection and may seek relief from judgment. The Trusts also contend that the defendants have purposefully delayed this ligation by fighting discovery motions, refusing to meet and confer, and "lodg[ing] baseless defenses (that the claims are barred by res judicata and

---

not abused its discretion in denying attorneys' fees and costs because the defendant had a realistic chance of winning on the merits, among other factors considered).

[22] "[C]ircumstances that might warrant an award of costs include cases in which: (1) the plaintiff's claim was entirely without merit or based on perjury; (2) the plaintiff commenced the litigation wantonly, or for purposes of harassment, delay, or other improper motive; or (3) plaintiff has evidenced a pattern of bringing potentially meritorious claims and then dismissing them with prejudice after inflicting substantial costs on the defendants and the judicial system." 8-41, *Moore's Federal Practice - Civil* § 41.40 (2019).

[23] ECF No. 79 at 5–6.

[24] ECF No. 80 at 6.

6

collateral estoppel)."[25] As further support, they point to the order denying the defendants' motion for summary judgement, in which I concluded that the defendants' arguments were either wrong or factually undeveloped.[26]

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party." The rule carries with it a presumption that prevailing parties should receive the award, and "the losing party must show why costs should not be awarded."[27] The Ninth Circuit has held that a "dismissal *without* prejudice did not confer prevailing party status upon the defendant," and foreclosed the defendant's ability to seek attorneys' fees.[28] But, it has not held that dismissal *with* prejudice under Rule 41(a)(2) confers upon the defendant prevailing party status under Rule 54(d). As the Ninth Circuit explained in *Ward v. Apple Inc.*, "voluntary dismissals *with* prejudice that produce an adverse final judgment may be appealed," and a voluntary dismissal with prejudice is adverse because it bars the plaintiff's claim "forever."[29] Reading *Ward* along with the United States Supreme Court's opinion in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, which provides that a dismissal with prejudice functions as an adjudication on the merits, I conclude that the defendants are the prevailing party and may seek

---

[25] *Id*. at 6–7.

[26] *Id*. (citing ECF No. 74).

[27] *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003)).

[28] *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008) (concluding that lack of "prevailing party status" made the defendant ineligible for attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B)(i)(II)) (emphasis added)).

[29] *Ward v. Apple Inc.*, 791 F.3d 1041, 1045 (9th Cir. 2015) (collecting cases) (internal quotation marks omitted) (emphasis added)).

costs.³⁰  But because the defendants have not moved for fees or costs, I reserve for a later date any decision on the merit of that request.³¹

**B.      The discovery-sanction judgment will survive the voluntary dismissal.**

The second condition that the Trusts request is that defendants remain responsible for the $5,868.75 in attorneys' fees they were awarded as a discovery sanction against the defendants.³² The defendants object and ask that I vacate that award.  They argue primarily that vacating the sanction would be just because this is the second time the Trusts have moved to dismiss an action against them—the Trusts filed an adversary proceeding against the Noordas in bankruptcy court, raising, as defendants claim, "virtually identical claims," and also moved to voluntarily dismiss that proceeding.³³  They add that the fact that the Trusts waited for two-and-a-half years of additional discovery and motion practice to pass before bringing this motion demonstrates that the Trusts initiated this lawsuit to harass them.³⁴  The Trusts respond that the proper way for the defendants to challenge a sanction order is through an appeal, and that the law of the case requires that the sanctions stick.

Rule 41(a)(2) is not the proper vehicle to dispose of the sanctions issue because the Ninth Circuit has held that the rule does not contain an "explicit Congressional authorization" to

---

³⁰ *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).  The Seventh Circuit addressed this precise issue and arrived at the same conclusion.  *See Mother & Father v. Cassidy*, 338 F.3d 704 (7th Cir. 2003) (holding that a with-prejudice dismissal confers prevailing party status on a defendant for Rule 54 purposes, entitling the party to costs).

³¹ Because the defendants have not moved for attorneys' fees, I need not address whether they would be entitled to attorneys' fees under 29 U.S.C. § 1332(g)(1) or some other statute.  *See* ECF No. 79 at 6.

³² ECF Nos. 72, 73, 78.

³³ ECF No. 79.

³⁴ *Id*.

8

impose sanctions.³⁵ And, although courts retain jurisdiction to impose sanctions after a voluntary dismissal,³⁶ because this sanction was imposed *before* the dismissal, it does not appear that the court's discretion to condition the voluntary dismissal under Rule 41(a)(2) is implicated.

This sanction was imposed under Rule 37(b)(2)(c), which "authorizes sanctions for failure to comply with discovery orders" in the form of attorneys' fees assessed against the party who failed to comply with the discovery orders.³⁷ The purpose of Rule 37 sanctions is "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."³⁸ So the rule provides an independent basis to sustain the sanction award upon dismissal.

After reviewing the parties' briefing on the motion and arguments at a hearing on the motion, the magistrate judge granted the motion and ultimately awarded the Trusts $5,868.75 in attorneys' fees.³⁹ The Clerk of Court entered judgment consistent with the magistrate judge's order.⁴⁰ Because the sanction was warranted for discovery conduct, I do not find that wiping out that sanction would be a just and proper condition of dismissal.

---

³⁵ *See Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993) (providing that Rule 41(a)(2) is not a basis for imposing sanctions) (internal quotation marks omitted).

³⁶ *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal"); *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) ("[T]he dismissal, however, did not deprive the court of jurisdiction to consider the [sanction] motions."); *Burnette*, 828 F. Supp. at 1444.

³⁷ ECF No. 45.

³⁸ *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (alterations in the original) (internal quotation marks omitted).

³⁹ ECF No. 59 at 8–9.

⁴⁰ ECF No. 73.

9

Further, the defendants do not object to the sanction itself, nor do they argue that it was inconsistent with Rule 37. They argue instead, and without authority, that the Trusts never intended to take the case to trial, so the Trusts' discovery requests were another harassing and dilatory tactic.[41] That the Trusts dragged their feet in bringing this motion to dismiss "does not expunge" the discovery violations, and Rule 41(a)(2) makes clear that a plaintiff may move for voluntary dismissal at any time, so I find the defendants' argument unpersuasive.[42] I thus decline to condition the with-prejudice dismissal of this case on the vacation of the sanction judgment. The $5,868.75 as awarded in the sanction judgment[43] will remain due following this dismissal.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Trusts' motion to dismiss this case with prejudice **[ECF No. 78] is GRANTED in part and DENIED in part.** But that's not the end of the story. When the court allows voluntary dismissal but rejects the proposed conditions, Rule 41(a)(2) provides the plaintiff with "a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions."[44] To the extent that the Trusts have conditioned their voluntary dismissal on the ground that each party must pay their own attorneys' fees and costs**, the Trusts have until September 6, 2019, to withdraw their request for voluntary dismissal. If they do not withdraw their voluntary dismissal by this deadline, the**

---

[41] ECF No. 79 at 37.

[42] *Cooter & Gell*, 496 U.S. at 395 ("[A] voluntary dismissal does not expunge the Rule 11 violation.").

[43] ECF No. 73.

[44] *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 476 (9th Cir. 1990) (internal quotation marks omitted).

court will direct the Clerk of Court to enter a judgment of dismissal on terms consistent with this order and close this case.

Dated: August 27, 2019

_____
U.S. District Judge Jennifer A. Dorsey